John **TOLAN; Jane Doe Tolan, and their marital community, Plaintiffs–Appellants,**

v.

State of **WASHINGTON; Clallam County Superior Court; Clallam County Sheriff's Office; M. Lingvall, her husband and marital community; Washington State Patrol; Clallam County, Defendants–Appellees.**

No. 05–35677.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2007.

June 6, 2007.

Richard A. Cole, Esq., Law Office of Richard A. Cole, P.S., Seattle, WA, for Plaintiffs–Appellants.

Catherine Hendricks, Esq., Aaron Vincent Rocke, Esq., Office of the Washington, Attorney General, Michael Alexander Patterson, Esq., Daniel G. Lloyd, Esq., Lee Smart Cook Martin & Patterson, P.S., Seattle, WA, for Defendants–Appellees.

Before: BRUNETTI, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

John Tolan and Jane Tolan ("Appellants") appeal the district court's grant of summary judgment on their defamation claim to the State of Washington, the Washington State Patrol, the Clallam County Superior Court, Mollie Lingvall, and the Clallam County Sheriff's Office ("Appellees"). We affirm the grant of summary judgment. Because the facts are known to the parties, we do not review them here.

Appellants did not allege facts sufficient to raise a genuine issue of material fact with regard to the unprivileged communication element of a defamation claim under Washington law. *See Mohr v. Grant,* 153 Wash.2d 812, 108 P.3d 768, 773 (2005). The undisputed facts established that Appellees had a qualified privilege because they made the statements in the ordinary course of their official duties. *See Wood v. Battle Ground School Dist.,* 107 Wash. App. 550, 27 P.3d 1208, 1219 (2001); *Gilman v. MacDonald,* 74 Wash.App. 733, 875 P.2d 697, 700 (1994) (citing *Getchell v. Auto Bar Sys. Nw., Inc.,* 73 Wash.2d 831, 440 P.2d 843, 847 (1968)). Appellants failed to produce clear and convincing evidence that Appellees lost this privilege by acting with malice. *See Doe v. Gonzaga Univ.,* 143 Wash.2d 687, 24 P.3d 390, 398 (2001), *rev'd on other grounds sub nom. Gonzaga University v. Doe,* 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002). For the reasons stated by the district court, there was no error in declining to apply the presumption of malice from Washington's criminal libel statute.

---

* This disposition is not appropriate for publication and is not precedent except as provided

To the extent that Appellants raised other arguments at oral argument or in passing in their briefs, we decline to reach those arguments because they were not "specifically and distinctly argued" in the opening brief. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 919 (9th Cir.2001).

**AFFIRMED.**